IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POWER EQUITIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CAUSE NO. 3:06cv1892-M |
| | § | |
| ATLAS TELECOM SERVICES - USA, | § | ECF |
| INC. | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FAILURE TO JOIN NECESSARY PARTIES, AND MEMORANDUM IN SUPPORT THEREOF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Atlas Telecom Services - USA, Inc. files this Motion to Dismiss Plaintiff's Original Petition For Declaratory Judgment for Failure to State a Claim against it as authorized by Federal Rule of Civil Procedure 12(b)(6) and Failure to Join Necessary Parties as authorized by Federal Rule of Civil Procedure 12(b)(7).

1.  Power Equities, Inc. ("PEI"), Plaintiff, is a judgment creditor of both Millennium Armor Corporation ("Millennium") and John Tidrow & Associates, Inc. ("JTA"), neither of which are parties. The judgment is based upon a loan by PEI to Millennium which was guaranteed by JTA. The judgment against JTA was signed by the 116th District Court of Dallas County, Texas, in Cause No. 02-07959-F on or about September 12, 2003, in the amount of approximately $650,000.

1

2.  In this action, PEI sues Atlas Telecom Services USA, Inc. ("Atlas USA") alleging transfer of a government contract to Atlas USA by JTA pursuant to an Asset Transfer Agreement on June 23, 2003.  PEI contends that such transfer was made with intent to hinder, delay or defraud it as a creditor (See Texas Business & Commerce Code §24.005) and that the value of the contract exceeded the amount PEI was owed.  Atlas USA strongly denies that any fraudulent transfer occurred.

3.  The allegations of PEI do not make this Court aware of the following:

   A.  On April 10, 2004, John Tidrow, majority owner and chief officer of JTA, filed a Chapter 7 bankruptcy in the Eastern District of North Carolina.  Such bankruptcy was necessitated by the failures of Millennium and JTA, the same facts that resulted in the judgment in favor of PEI.

   B.  In the course of the Tidrow bankruptcy, the trustee, Mr. Murray, conducted a 2004 examination on August 27, 2004.  The Asset Transfer Agreement on which PEI bases its case was attached as an exhibit to the 2004 Examination transcript and was the subject of questioning by the trustee.  PEI had counsel at the 2004 Examination who also questioned Tidrow about the Asset Transfer Agreement. (See Exhibit A)

   C.  On October 19, 2004, PEI conducted a post-judgment deposition of John Tidrow related to its judgments against Millennium and

        JTA.  Not only was the 2004 Examination transcript attached as an exhibit to this deposition, but the subject of the Asset Transfer Agreement was thoroughly covered. (See Exhibit B)

D.     Additionally, such deposition testimony establishes that JTA had two secured creditors (JTA Funding L.L.C. and Atlas Telecom Network, Inc.) with claims totaling approximately $1,000,000. (See Exhibit B)

E.     On July 26, 2005, JTA filed for Chapter 7 bankruptcy relief in the Eastern District of North Carolina.  Mr. Murray was again the trustee.  PEI was scheduled as a creditor. (See Exhibit C)

F.     One creditor in the JTA bankruptcy filed a motion to dismiss. The bankruptcy court in its order denying the motion, stated the following:

> With respect to the bad faith argument, the debtor is involved in approximately three pending lawsuits and has approximately 29 unsecured creditors with claims totaling close to $1,900,000.  **One of the pending lawsuits is to recover fraudulent transfers**; another is for the appointment of a receiver. it is not bad faith to file a bankruptcy petition to bring any remaining assets of the debtor into bankruptcy court and to have the proceeds fairly distributed to all creditors under the supervision of a trustee. [Emphasis added.]

(See Exhibit D)

3

   G. On November 17, 2005, a final decree closing the JTA bankruptcy was entered.  (See Exhibit E)

4. It cannot be disputed that at the time of the JTA bankruptcy, the court, the trustee, and PEI as a creditor, all had full knowledge of the Asset Transfer Agreement.

5. It also cannot be disputed that proceedings to determine, avoid, or recover fraudulent conveyances are core proceedings with jurisdiction/venue, in this case, in the North Carolina U. S. District Courts / Bankruptcy Courts and that such jurisdiction/venue was exercised without objection. (See 11 U.S.C. §157(b)(2)(H)) and without appeal.

6. It also cannot be disputed that the rights to recovery from any fraudulent transfer belong to the bankruptcy estate to be administered by the trustee for the benefit of all creditors.  However, in this case, the trustee apparently was in agreement with Atlas USA and did not believe that there was a fraudulent transfer to be pursued on behalf of the estate.  And furthermore, neither PEI, nor any other creditors, sought to persuade the trustee to pursue such claim, offered to assist the trustee in pursuing such claim, or complained to the court about the trustee failing to pursue such claim.

7. When the JTA bankruptcy was closed, and no appeal taken, the chance was lost to have any fraudulent transfer recovered by the estate so that it could be fairly administered among all secured and unsecured creditors.

8.      PEI is attempting to lie behind the log during the JTA bankruptcy, despite full knowledge of the facts surrounding the Asset Transfer Agreement.  Now it seeks to simply ignore the JTA bankruptcy and pursue the alleged fraudulent transfer all for itself, ignoring the claims of the secured creditors which have priority over the PEI claim and without having to share any recovery with other creditors with equal priority.

9.      Atlas USA notes that there are three other cases in which persons or entities scheduled in the JTA bankruptcy who took the same course of inaction as PEI are now seeking to assert the same fraudulent transfer.  They are:

(1)     Civil Action No. 4:06-CV-147; Robert Armstrong v. Atlas Telecom Services - USA, Inc. f/k/a John Tidrow and Associates, Inc., John Tidrow, Sandy Barnes, Lenny Feiner, and Atlas Telecom Networks, Inc.; in the United States District Court for the Eastern District of Texas, Sherman Division

(2)     Civil Action No. 3:06-CV-00751; Edwards & Associates, Inc., v. Atlas Telecom Services USA, Inc., John Tidrow and Associates, Inc., John Tidrow, Sandy Barnes, Lenny Feiner, Atlas Telecom Networks, Inc., Philippe Bednerek and Ernesto Calzado; in the United States District Court for the Northern Division of Texas, Dallas Division

(3)     Civil Action No. 3:06-CV-1558-G; Millennium Armor Corporation v. Atlas Telecom Services - USA, Inc., f/k/a John Tidrow and Associates, Inc., John Tidrow, Sandy Barnes, Lenny Feiner and Atlas Telecom Networks, Inc.; in the United States District Court for the Northern Division of Texas, Dallas Division

10.     The Bankruptcy Court in the Eastern District of North Carolina was the court in which the JTA bankruptcy was filed and which exercised administered the

5

JTA estate to conclusion without objection. It would be a great injustice to allow a party who has the opportunity to have an alleged fraudulent transfer adjudicated in the bankruptcy court with all interested parties before the court, attempt to ignore the bankruptcy proceedings, as if they did not occur, and have its own adjudication without consideration of any other creditors, especially those with a higher priority leading to potentially irreconcilable differences with judgments from cases of other creditors after multiple trials of the same issue.

11. Therefore, for the reasons stated above, PEI's Plaintiff's Original Petition for Declaratory Judgment fails to state a claim upon which relief can be granted against Atlas USA and fails to join other creditors, especially the secured creditors of JTA, that must be parties in order to establish priorities for apportionment of entitlement to recovery, if any, leaving Atlas USA facing potential multiple recoveries against it.

12. PEI's claims against Atlas USA should be dismissed for failure to state a claim and failure to join necessary parties and for such other and further relief to which Atlas USA is entitled.

Dated:  October 23, 2006        Respectfully submitted,

       By:  /s/ David A. Carp
            David A. Carp
            TBN: 03836500
            7500 San Felipe - Suite 675
            Houston, Texas 77063-1711
            713.781.7500      Phone
            713.781.4797      Fax

       Lead Counsel for Defendant
       Atlas Telecom Services - USA, Inc.

OF COUNSEL:
HERZOG, CARP & McMANUS
7500 San Felipe - Suite 675
Houston, Texas  77063-1711

## CERTIFICATE OF SERVICE

       This is to certify that on October 23, 2006, I electronically filed the foregoing Defendant's Motion to Dismiss for Failure to State a Claim and Memorandum in Support thereof with the clerk of court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

     Cheryl E. Diaz, Esq.
     Thompson & Knight
     1700 Pacific Avenue, Suite 3300
     Dallas, Texas  75201-4693

     Lead Counsel for Plaintiff

                 /s/ David A. Carp
                 DAVID A. CARP