UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POWER EQUITIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:06-CV-1892-G |
| ATLAS TELECOM SERVICES - USA, | ) | |
| INC., | ) | **ECF** |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Atlas Telecom Services - USA,

Inc. ("ATS" or "the defendant") to dismiss the plaintiff's complaint for failure to state

a claim upon which relief can be granted and for failure to join a party under Rule 19.

For the reasons stated below, the motion to dismiss is denied.

## I.  BACKGROUND

This case arises from a defaulted loan made by the plaintiff Power Equities,

Inc. ("Power Equities" or "the plaintiff") to Millennium Armor Corporation

("Millennium").  The note to Millennium was secured by a written guaranty given by

another corporation, John Tidrow & Associates, Inc. ("JTA").  *See* Plaintiff's Original

Petition for Declaratory Judgment ("Petition") ¶ 5, *attached to* Notice of Removal.

Millennium defaulted on the note in June 2002; Power Equities filed suit on

August 28, 2002 against both Millennium and JTA to recover on the note and

guaranty. *Id.*

From December 2002 to February 2003, while the suit by Power Equities

against Millennium and JTA was pending, Atlas Telecom Networks ("ATN"), an ATS

affiliate, loaned $675,000 to JTA. *Id.* ¶ 6. The notes to ATN evidencing this

transaction were secured by the pledge of JTA stock owned by John Tidrow

("Tidrow") and by personal guaranties signed by Tidrow. *Id.* Some time prior to

June 2003, JTA defaulted on the ATN loans, but ATN did not seek judicial

enforcement of its notes and guaranties. Instead, Tidrow agreed to turn over to ATS

100% of his stock in JTA. *Id.* ¶ 7. As part of the transfer of this stock, ATS acquired

the assets of JTA, including certain contracts, which Power Equities estimates to be

worth "millions in excess of the debt owed by JTS [sic] to ATN." *Id.* These contracts

were novated to ATS. *Id.* ¶ 8. Shortly thereafter, ATS dissolved JTA without paying

any of JTA's creditors. *Id.*

On September 12, 2003, Power Equities obtained a judgment against

Millennium and JTA, jointly and severally, for approximately $650,000. *Id.* ¶ 9.

Tidrow filed for Chapter 7 bankruptcy on April 10, 2004. *See* Defendant's Motion to

Dismiss for Failure to State a Claim and Failure to Join Necessary Parties, and

Memorandum in Support Thereof ("Motion to Dismiss") at 2.  JTA filed for Chapter

7 bankruptcy on July 26, 2005; a final decree closing the JTA bankruptcy was entered

on November 17, 2005.  See *id.* at 3-4.  The judgment obtained by Power Equities

against Millennium and JTA, as well as the interest thereon, remain unpaid.

On August 11, 2006, Power Equities filed this suit in the 191st District Court

of Dallas County, Texas, against ATS as the sole defendant, seeking a declaratory

judgment that the transfers from JTA to ATS were fraudulent under § 24.005 of the

Texas Business & Commerce Code.  The defendant timely removed the case to this

court on the basis of diversity of citizenship.  The instant motion to dismiss followed.

II. <u>ANALYSIS</u>

A. <u>12(b)(6) Motion to Dismiss</u>

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim

upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  There are two primary

principles that guide the court's determination of whether dismissal under Rule

12(b)(6) should be granted.  First, a motion under Rule 12(b)(6) should be granted

only if it appears beyond doubt that the nonmovant could prove no set of facts in

support of its claims that would entitle it to relief.  *Conley v. Gibson*, 335 U.S. 41, 45-

46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.

1994); see also *Kaiser Aluminum* & *Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677

F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598

- 3 -

(1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant.  See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).  However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

The defendant's motion to dismiss can, at best, be described as imprecise. Upon an analysis of the applicable law, a task which ATS apparently was not willing to perform, it is clear that its Rule 12(b)(6) motion to dismiss is baseless.  Though not expressly stated, the argument appears to be that ATS, the recipient of an allegedly fraudulent transfer, should be able to shield the proceeds of that transfer from the creditors of the transferor because the transferor filed for bankruptcy and obtained relief under the bankruptcy code.  The defendant cites no case law or

- 4 -

statutory authority in support of its argument.  After conducting a thorough analysis, this court concludes that what little law exists on the subject does not support the defendant's position.

All obligations not expressly covered by the Bankruptcy Act remain undisturbed by a debtor's bankruptcy.  See *Brookhaven Bank & Trust Company v. Gwin*, 253 F.2d 17, 19 (5th Cir. 1958).  The Bankruptcy Code provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."  11 U.S.C. § 524(e).  While a discharge in bankruptcy bars future proceedings against the *debtor* to enforce a judgment, the discharge constitutes neither payment nor extinguishment of the debt.  *Hageman/Fritz, Byrne, Head & Harrison, L.L.P. v. Luth*, 150 S.W.3d 617, 625 (Tex. App.--Austin 2004, no pet.).  Other courts have held that a creditor can enforce a debt against a secondary, non-bankrupt obligor even if the primary obligor received a discharge in bankruptcy.  See *Matter of Edgeworth*, 993 F.2d 51, 53-55 (5th Cir. 1993) (finding that a medical malpractice plaintiff could continue suit against a medical malpractice insurer despite the insured's discharge under the Bankruptcy Act); *University of Texas Medical Branch at Galveston v. Allan*, 777 S.W.2d 450, 454 (Tex. App.--Houston [14th Dist.] 1989, no writ) (allowing hospital to continue collection suit against an insurer on the debt of a patient-debtor following the discharge in bankruptcy of the patient-debtor).

This court found the case of *Kathy B. Enterprises, Inc. v. United States,* 779 F.2d 1413, 1414-15 (9th Cir. 1986), to be instructive on the issue.  In *Kathy B.*, the debtor fraudulently transferred all of his assets to a corporation.  *Id.* at 1414.  The debtor subsequently received a discharge in bankruptcy for back taxes levied against him by the IRS.  *Id.*  The IRS then sought to recover the back taxes from the transferee corporation.  *Id.*  The Ninth Circuit affirmed the district court's conclusion that the discharge of the bankrupt debtor did not preclude recovery of the debt from the fraudulent transferee.  *Id.* at 1414-15; see also *Dixon v. Bennett*, 531 A.2d 1318, 1323-25 (Md. Ct. Spec. App. 1987) (stating "we hold that, once the trustee's statutory time period has expired, an unsecured creditor can bring an action against a fraudulent transferee under state law provided the state statute of limitations has not yet expired.").[1]

The bankruptcies of JTA and Tidrow do not insulate ATS from Power Equities' state law claim for fraudulent transfer.  Accordingly, ATS's motion to dismiss for failure to state a claim is denied.

---

[1]     Dictum in *Dixon* suggests that the court might have ruled differently if the creditor had been aware of the fraudulent transfer but failed to notify the bankruptcy trustee.  *See* 531 A.2d at 1325-26.  Presumably, this dictum is the basis for ATS's contention that Power Equities should not be allowed to "lie behind the log during the JTA bankruptcy" and then recover from the transferee after the bankruptcy case is closed.  Motion to Dismiss at 5.  Here, it is apparent that the bankruptcy trustee was aware, during the JTA bankruptcy proceedings, of the transfer to ATS.  See *id.* at 2.  The fact that the trustee chose not to pursue a remedy for fraudulent transfer under the Bankruptcy Code evidences neither a valid transfer nor a shield for the transferee "to lie behind."

### B.  12(b)(7) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(7) alleges that the plaintiff has failed to join a party under Rule 19.  FED. R. CIV. P. 12(b)(7).  Rule 19(a) provides for the joinder of all persons whose presence is required for the fair and complete resolution of the lawsuit.  A person's presence is required if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a).  Rule 19(b) provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined, stating that "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."  FED. R. CIV. P. 19(b).  In making this determination, the court should consider the following factors:

> [F]irst, to what extent a judgment rendered in the person's absence would be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id*.  Thus analyzing a motion to dismiss under Rule 12(b)(7) entails two sequential inquiries under Rule 19:

> The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit.  If joinder is warranted, then the person will be brought into the lawsuit.  But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation.

*HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003).  Stated differently, to grant a motion to dismiss for failure to join a party, the court must find:  (1) that the absent party is necessary to the suit; (2) that the absent party cannot be added to the suit because to do so would divest the court of its jurisdiction; and (3) that upon consideration of the factors enumerated in Rule 19(b), the court should not proceed to adjudicate the suit without the absent party.  Remarkably, ATS managed to move for a Rule 12(b)(7) motion to dismiss without addressing any of the elements necessary for the court to rule in its favor.

The defendant's failings on this motion are complete and overwhelming.  The argument, as the court apprehends it, is that because the plaintiff failed to join all secured and unsecured creditors of JTA in this action to collect from ATS on a fraudulent transfer theory, the petition should be dismissed.  In a maneuver baffling to the court, aside from a general reference to "other creditors, especially the secured creditors," ATS fails to name any person or entity that should be joined to this suit.

Motion to Dismiss at 6.  As grounds for joining these anonymous creditors in the suit, ATS asserts that they must be added "to establish priorities for apportionment of entitlement to recovery" and that ATS would be exposed to "potential multiple recoveries against it."[2]  *Id.*

The burden of persuasion is on the movant.  See *Morgan v. Coushatta Tribe of Indians of Louisiana*, 214 F.R.D. 202, 206 (E.D. Tex. 2001).  Even on a liberal reading of the motion, ATS has woefully failed to meet its burden.  While the defendant's argument -- that there is a need to establish priorities for all of JTA's creditors -- is novel and colorable, ATS fails to support this proposition with any legal precedents or even scholarly argument.  This court, and presumably the plaintiff, have been unable to unearth any authorities -- primary or otherwise -- to support or refute this argument regarding the necessity of joining these unnamed creditors.  However, even if the court were to assume that the necessity element is met, the defendant has provided no evidence that these unnamed parties could, or could not, be joined in the suit and thus has provided no evidence upon which the court can conduct the required Rule 19(b) analysis.  The defendant's Rule 12(b)(7) motion to dismiss for failure to join a necessary party is consequently denied.

---

[2]    The potential for multiple recoveries against one defendant does not make all other potential plaintiffs necessary parties.  See *Cornhill Insurance PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir.) ("The threat of *multiple* litigation will not make a party indispensable but the threat of *inconsistent* obligations will.") (emphasis added), *cert. denied*, 522 U.S. 818 (1997).

### III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss for failure to state a claim and for failure to join a party is hereby **DENIED**.

**SO ORDERED**.

January 5, 2007.

_____
A. JOE FISH
CHIEF JUDGE